UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GRACE ESTEPHANIA CORTEZ
BENAVIDES,

              Petitioner,

v.

KEVIN RAYCRAFT,

              Respondents.

_____/

Case No. 1:26-cv-563

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan,[1] initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1, PageID.1.) In an order entered on February 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested

---

[1] The Court will substitute Kevin Raycraft, the Field Office Director of Enforcement and Removal Operations for the Immigration and Customs Enforcement Detroit Field Office, as the named Respondent.

by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 26, 2026. (ECF No. 4.)

## II.    Factual Background

Petitioner is a native and citizen of Ecuador. (Notice to Appear (NTA), ECF No. 1-1, PageID.8.) Petitioner entered the United States on or about August 30, 2023, at or near Lukeville, Arizona, without inspection. (*Id.*) Shortly thereafter, Department of Homeland Security (DHS) agents encountered and arrested Petitioner and DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) DHS then released Petitioner into the United States on her own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 1-1, PageID.9.)

On October 31, 2025, Petitioner was arrested by ICE agents. (Warrant for Arrest, ECF No. 4-2, PageID.32.) Petitioner is scheduled for a master calendar hearing on March 20, 2026, in the Detroit Immigration Court. (Notice of In-Person Hearing, ECF No. 4-3, PageID.34.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Petitioner has filed this § 2241 petitioner "challenging [her] continued civil immigration detention." (Pet., ECF No. 1, PageID.1.) The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[2]

The Court also concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## V.    Civil Rights Claims

Petitioner makes clear that this action was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1, PageID.1.) However, in her petition, Petitioner also challenges

---

[2] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

3

the conditions of her confinement and seeks relief related to her access to the immigration courts and ability to pursue her asylum application. (*Id.*, PageID.2.)

Courts are generally reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a Section 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of Section 1915(a)(3) and Section 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of Section 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-JDP, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"). Accordingly, the Court will dismiss Petitioner's requests concerning the conditions of her confinement without prejudice. Should Petitioner wish to pursue these claims, she may do so by instituting a separate action either through counsel or on her own behalf.

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss Petitioner's requests concerning the conditions of her confinement without prejudice and will substitute Kevin Raycraft, the Field Office Director of Enforcement and Removal Operations for the Immigration and Customs Enforcement Detroit Field Office, as the named Respondent in this matter.

Dated: March 9, 2026                                     /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.